1  Kevin E. Gaut (State Bar No. 117352)
   keg@msk.com
2  Samantha C. Grant. (State Bar No. 198130)
   scg@msk.com
3  MITCHELL SILBERBERG & KNUPP LLP
   11377 West Olympic Boulevard
4  Los Angeles, California 90064-1683
   Telephone:  (310) 312-2000
5  Facsimile:  (310) 312-3100
   Attorneys for Defendants
6
   Gregory G. Petersen. (State Bar No. 77744)
7  atty@cpk-law.com
   CASTEL, PETERSEN AND KRAUSE, LLP
8  Attorney at Law
   4675 MacArthur Court, Ste. 1250
9  Newport Beach, CA 92660
   Phone:      (949) 417-5600
10 Fax:        (949) 417-5680
   Attorneys for Plaintiffs, Morey and Henry
11
12 Kirby D. Farris
   Kenneth E. Riley
13 kfarris@frplegal.com
   FARRIS, RILEY & PITT, LLP
14 The Massey Building
   2025 Third Avenue North, Suite 200
15 Birmingham, AL 35203
   Phone:      (205) 324-1212
16 Fax:        (205) 324-1255
   Attorneys for Plaintiffs, Morey and Henry
17
18                UNITED STATES DISTRICT COURT
19              CENTRAL DISTRICT OF CALIFORNIA
20
21 IN RE STARMED HEALTH          CASE NO.  MDL 04-1601-R
   PERSONNEL, INC. FAIR LABOR    CV 04-04523 – R
   STANDARDS ACT LITIGATION.     CV 04-04797 – R
22                               CV 05-00825 – R
                                 CV 05-00270 – R
23                               CV 05-00415 – R
24                               ASSIGNED TO THE HON. MANUEL
                                 REAL
25
26                               [PROPOSED] ORDER
27
28

[PROPOSED] ORDER

<h1 style="text-align:center">ORDER APPROVING SETTLEMENT<br>AND DISMISSING ACTIONS</h1>

Plaintiffs Bonnie Morey, et. al. have filed suit against Defendants StarMed Health Personnel, Inc., Intelistaf Healthcare, Inc., and RehabCare, Inc., et. al. ("Defendants") in an action styled <u>Bonnie Morey, et al. v. StarMed Health Personnel, Inc., et al</u>, Case No. 2:04-cv-04523-R-JWJ ("<u>Morey Case</u>"). Plaintiffs Bonnie Morey, Darrelyn Renee Henry and Mary Vargas have filed a separate action styled <u>Darrelyn Henry, et. al. v. Intelistaf Healthcare, Inc., et. al.</u>, Case No. 8:05-cv-00270-R-JWJ ("<u>Henry Case</u>"). The <u>Morey</u> Case alleges violations of the overtime provisions of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq., (hereinafter referred to as "the Act") and California law. The <u>Henry</u> Case alleges claims for breach of contract. This Court granted the Plaintiffs' motion in the <u>Morey</u> Case to send notice of a collective action under the Act, but denied requests to certify a class as to the California law claims. The <u>Henry</u> case is not a class or collective action.

For purposes of settlement and compromise only, and to avoid the time, resources, staff attention, and expense associated with further litigation, the parties have reached an agreement to settle the claims. The parties have submitted the settlement agreement under seal to the Court for approval per the terms of the Act.

The Court has reviewed the settlement agreement, the complaint, the stipulation and joint motion to approve settlement filed with the Court, and the record as a whole, and considered any supporting papers and materials filed by the parties in connection with the settlement, and hereby enters the following Order:

<h3 style="text-align:center">Jurisdiction And Venue</h3>

1.    The Court has jurisdiction over the <u>Henry</u> case and the <u>Morey</u> case. Venue is proper in this District.

Mitchell<br>Silberberg &<br>Knupp LLP

1079247.1

2

## The Henry Case

2. The <u>Henry</u> case, and all claims alleged or which could have been alleged therein, is dismissed with prejudice. Each party shall bear and pay for its own costs and attorneys fees in connection with that case. The claims in the <u>Henry</u> case are not appropriate for class action treatment.

## The Morey Case

3. Plaintiffs Bonnie Morey, et. al. brought a private action under the Fair Labor Standards Act of 1938, as amended (the Act"), and also asserted, as to California employees, certain claims under California law in the <u>Morey</u> Case. The Court granted the Plaintiffs' motion to send notice of a collective action under the Act, but denied requests to certify a class as to the California law claims. Subsequently, notice was sent and a total of 163 persons opted-in as Plaintiffs in the <u>Morey</u> Case. When used in this Order, the term "Plaintiffs" or "Plaintiff" means anyone who has filed with the Court in the <u>Morey</u> case a written election and consent to opt into and join this litigation and/or who otherwise is a party plaintiff to the <u>Morey</u> case.

4. The Court has the authority under the Act to scrutinize a settlement of private litigation. Approval is necessary for the waiver of any wage hour claims under the Act against Defendants to be fully effective. Approval of such a settlement will be binding upon parties who joined and/or opted in to this collective action.

5. The Court may approve a settlement under the Act where the settlement involves the resolution of a bona fide dispute and is a fair and reasonable compromise of issues that are actually in dispute. *Lynn's Food Stores, Inc. v. U.S., By and Through U.S. Dept. of Labor, Employment Standards Admin., Wage and Hour Div.*, 679 F.2d 1350 (11th Cir. 1982); *Jarrad v. Southern Shipbuilding Corp.*, 163 F.2d 960 (5th Cir. 1947).

1     6.    The Parties have entered into a settlement after extensive and

2 protracted settlement negotiations, including two days of mediation, and further

3 settlement discussions over a span of three (3) months, and extensive discovery.

4     7.    The Court has reviewed the Settlement Agreement and the settlement

5 terms contained in that agreement, and finds the settlement reflects a fair and

6 reasonable compromise of the issues in dispute. The Court notes that the amount to

7 be paid to each Plaintiff per the settlement was based upon actual payroll

8 information concerning weeks worked and rates of pay, and a uniform compromise

9 as to the amounts of time spent working on-call shifts, depending upon the day of

10 the shift, and branch where the individual plaintiff worked, with adjustments for

11 persons (a) who were staffing coordinators and therefore were presumed to have

12 been paid on a salaried basis and only entitled to half time for overtime

13 compensation; (b) whose claims were subject to a statute of limitations defense or

14 a defense that they lacked standing to pursue, or were estopped from pursuing,

15 their claims.  The compromise regarding the unpaid time reflects a fair and

16 reasonable compromise between the amount of time that Plaintiffs' counsel

17 asserted their clients spent compared to Defendant's position and evidence as to

18 the amount of time spent.

19     8.    The settlement set out in the Settlement Agreement reflects a fair and

20 reasonable compromise given that the parties have a number of genuine,

21 vigorously-contested, actual and bona fide disputes that are at issue. The disputes

22 extend from the ability of this case to proceed as a collective action, to questions of

23 exemption from any overtime compensation requirements, to compliance with the

24 overtime compensation laws, to the ultimate issue of liability and to the amount

25 and extent of any claimed damages.  These disputes, if litigated, could result in a

26 finding that there is no overtime or other compensation owed to any of the

27 Plaintiffs, that the case may not proceed as a collective action, that certain claims

28 are barred by the applicable statute of limitations, and/or that certain Plaintiffs may

1  not proceed at all with their claims. The settlement avoids the risks and

2  uncertainties associated with further litigation of these bona fide disputes.

3       9.    The Court finds the settlement, and the terms of the agreement for the

4  settlement, to be fair and reasonable and the result of a reasonable compromise of

5  genuine and serious disputes of law and fact between the parties. The Parties' Joint

6  Stipulation and Motion to Approve Settlement is **GRANTED**. The Settlement

7  Agreement attached to the parties' Motion under seal is hereby approved by the

8  Court, and the Court finds it is binding upon and enforceable against the Plaintiffs.

9      In accordance with the terms of the Settlement Agreement as hereby

10  approved, it is hereby **ORDERED**:

11      1.    Within thirty (30) days of the date this Order becomes final and non

12  appealable, Defendant will issue a check, payable jointly to Castle, Petersen &

13  Krause and Riley, Farris and Pitt, L.L.P., for the amount specified in the Settlement

14  Agreement.

15      2.    Each Plaintiff who has joined the <u>Morey</u> case will be entitled to

16  receive payment of the amount specified in the Settlement Agreement filed under

17  seal with the Court as part of the parties' Joint Stipulation upon receipt by Counsel

18  for Defendants of such consents and agreements, if any, required by the Settlement

19  Agreement.

20      3.    By entry of this Order, all claims each and every one of the Plaintiffs

21  may have or hold against any of the StarMed Parties, as defined below, for any and

22  all known and unknown claims, suits, lawsuits, demands, causes of action for federal

23  and state claims, (a) based on any facts alleged in the complaint in the Morey

24  Lawsuit or in the Henry Lawsuit, including any such claims arising prior to this date

25  that are based upon (i) any aspect of any Plaintiff's employment with any of StarMed

26  Parties prior to this date, (ii) any custom, practice, policy, promise, agreement, wage

27  payment, conduct, or decision of any of StarMed Parties prior to this date, (iii) any

28  facts or claims alleged or which could have been alleged in the Morey Lawsuit or the

Mitchell
Silberberg &
Knupp LLP

1079247 1

[PROPOSED] ORDER

1 Henry Lawsuit, (iv) any facts or events occurring prior to this date, or (v) any hours
2 worked for or on behalf of any of the StarMed Parties; and (b) for or relating to
3 wages owed, payment of wages, overtime, minimum wage, hours of work, lunch
4 and rest breaks, wage statements, breach of contract to pay wages, and all similar
5 and related claims, including among others all claims under the Fair Labor
6 Standards Act of 1938, as amended, which any Plaintiff may have or hold against
7 any of the StarMed Parties and which arose and accrued prior to this date, are
8 hereby released and dismissed with prejudice. This includes, but is not limited to, a
9 release and dismissal with prejudice of claims described above under: (A) the
10 common and statutory law of the States of Washington, California, Ohio, Arizona,
11 Michigan, Texas, Florida, Oregon, Kentucky, Kansas, Virginia, Massachusetts,
12 Illinois, Iowa, Utah, Maryland, Oklahoma, Connecticut, Missouri, Georgia,
13 Colorado, Rhode Island, New Mexico, Louisiana, Alabama, Arkansas, Nebraska,
14 Tennessee, Indiana, North Carolina, and Wisconsin; (B) the Fair Labor Standards
15 Act of 1938, or any federal, state, or local law dealing with payment of wages,
16 minimum wage, or overtime, (C) under any other federal, state or local law,
17 constitution, regulation, statute, order, ordinance, decision or common law claim
18 concerning wages, overtime pay, compensation, liquidated damages, additional
19 wages, profit sharing, pension credits, vacation or sick pay, or fringe benefits; (D) the
20 Texas "Minimum Wage Act" (Tex. Lab. Code Ann. § 62.001 et seq.); the Texas
21 Payday Law (Tex. Lab. Code Ann. § 61.001 et seq.); the Texas Call-In and
22 Waiting Time statute (Tex. Lab. Code Ann. § 62.054); and the Texas Mandatory
23 Time-Off/Day of Rest statute (Tex. Lab. Code Ann. § 52.001); (E) the Missouri
24 Minimum Wage statute (Mo. Stat. Ann. § 290.500 et seq.); and the Missouri Wage
25 Payment statute (Mo. Stat. Ann. § 290.080 et seq.); (F) the Illinois "Minimum
26 Wage Law" (820 Ill. Comp. Stat. 105/1 et seq.); the Illinois "Eight Hour Work Day
27 Act" (820 Ill Comp. Stat. 145/0.01 et seq.; the Illinois "One Day Rest In Seven
28 Act" (820 Ill. Comp. Stat. 140/1 et seq.); Illinois Meal Period Compensation

Mitchell
Silberberg &
Knupp LLP
1079247.1

6

regulations (Ill. Admin. Code tit. 56, § 210.110); Illinois Call-In and Waiting Time

regulations (Ill. Admin. Code tit. 56, § 210.110); and the "Illinois Wage Payment

and Collection Act" (820 Ill. Comp. Stat. 115/1 et seq.); (G) the Michigan

"Minimum Wage Law of 1964" (Mich. Stat. Ann. § 408.381 et seq.); and the

Michigan Wage Payment statute (Mich. Stat. Ann. § 408.471 et seq.); (H)  the

Ohio Minimum Wage statute (Ohio Rev. Code Ann. § 4111.01 et seq.); and the

Ohio Wage Payment statute (Ohio Rev. Code Ann. § 4113.15 and .16); (I) the

Washington "Minimum Wage Act" (Wash. Rev. Code § 49.46); (J) Arizona wage

payment laws (Ariz. Rev. Stat. §§ 23-350, 23-351); (K) the "Florida Minimum

Wage Act" (Fla. Stat. § 448.110); Florida's Legal day's work; extra pay law (Fla.

Stat. § 448.110); Florida's method of payment law (Fla. Stat. § 532.01); (L)

Oregon's minimum wage rate (Or. Rev. Stat. § 653.025); Oregon's Maximum

working hours in certain industries; overtime hours and pay; exemptions (Or. Rev.

Stat. § 652.020); Oregon Required Meal/Rest Period rules (Or. Admin. R. 839-

020-0050); Oregon Call-in and Waiting Time rules (Or. Admin. R. 839-020-0040);

Oregon's Establishing regular payday; pay intervals; agreement to pay wages at

future date law (Or. Rev. Stat. § 652.120); (M) Kentucky's minimum wage law

(Ky. Rev. Stat. Ann. § 337.275); Kentucky's work hours and overtime pay laws

(Ky. Rev. Stat. Ann. § 337.285); Kentucky's Mandatory time off/day of rest law

(Ky. Rev. Stat. Ann. § 436.160); Kentucky's required meal/rest periods laws (Ky.

Rev. Stat. Ann. §§ 337.355 and 337.365); (N) Kansas' minimum wage law (Kan.

Stat. Ann. § 44-1203); Kansas' work hours and overtime pay laws (Kan. Stat. Ann.

§ 44-1204); Kansas' call-in and waiting time rules (Kans. Admin. Regs. 49-30-3);

Kansas' pay periods law (Kan. Stat. Ann. § 44-314); (O) Virginia's "Minimum

Wage Act" (Va. Code Ann. § 40.1-28.8 through 40.1-28.12); Virginia's "Payment

of Wage Law" (Va. Code Ann. § 40.1-29.); (P) Massachusetts' "Minimum Fair

Wages" laws (Mass. Gen. Laws ch. 151, §§ 1-22); (Q) Iowa's minimum wage law

(Iowa Code § 91D.1); Iowa's wage payment collection laws (Iowa Code §§ 91A.1

Mitchell
Silberberg &
Knupp LLP
079247.1

through 91A.13); (R) Utah's minimum wage law (Utah Code Ann. § 34-40-103); Utah's meal and rest periods rules (Utah Admin. Code R610-2-3); Utah's wage payment laws (Utah Code Ann. § 34-28-1 et seq.); (S) Maryland's minimum wage law (Md. Code Ann. Lab. & Empl. § 3-413); Maryland's maximum hours before overtime law (Md. Code Ann. Lab. & Empl. § 3-420); Maryland's amount of overtime pay law (Md. Code Ann. Lab. & Empl. § 3-415); Maryland's mandatory time off/day of rest law (Md. Code Ann. Lab. & Empl. § 3-704); Maryland's wage payment law (Md. Code Ann. Lab. & Empl. § 3-502); (T) Oklahoma's minimum wage laws (Okla. Stat. tit. 40 §§ 197.2 and 197.5); Oklahoma's mandatory time off/day of rest law (Okla. Stat. tit. 21 § 908); Oklahoma's wage payment law (Okla. Stat. tit. 40 § 165.2); (U) Connecticut's wage laws (Conn Gen. Stat. § 31-58 et seq.); (V) Georgia's minimum wage law (Ga. Code Ann. § 34-4-3); Georgia's mandatory time off/day of rest law (Ga. Code Ann. § 10-1-573); Georgia's wage payment laws (Ga. Code Ann. §§ 34-7-2, 34-7-3, 34-7-5); (W) Colorado's "Minimum Wage of Workers" laws (Colo. Rev. Stat. § 8-6-101 et seq.); Colorado's work hours and overtime pay rules (Colo. Minimum Wage Order #22); Colorado wage laws (Colo. Rev. Stat. § 8-4-101 et seq.) (X) the "Rhode Island Minimum Wage Act" (R.I. Gen. Laws § 28-12-3); Rhode Island's overtime pay law (R.I. Gen. Laws § 28-12-4.1); (Y) New Mexico's minimum wage law (N.M. Stat. Ann. § 50-4-22); (Z) Louisiana's wage payment law (La. Rev. Stat. Ann. § 23:633); (AA) Alabama's wage payment law (Ala. Code § 37-8-270); Arkansas minimum wage law (Ark. Code Ann. § 11-4-210); (BB) Nebraska's minimum wage law (Neb. Rev. Stat. § 48-1203); Tennessee required meal/rest periods law (Tenn. Code Ann. § 50-2-103); (CC) Indiana's minimum wage law (Ind. Code § 22-2-2-4); (DD) North Carolina's minimum wage law (N.C. Gen. Stat. § 95-25.3); Wisconsin's minimum wage law (Wis. Stat. § 104.04); (EE) for costs and attorneys' fees, including, without limitation, any claim for attorneys' fees and/or costs which may arise or accrue by reason of the settlement of the Morey Lawsuit referred to

Mitchell Silberberg & Knupp LLP

1079247.1

[PROPOSED] ORDER

above; (FF) under the California Labor Code §§200 et seq. (salary, commission, compensation, benefits and other matters); under Sections 1194, 1198 or 510 of the California Labor Code or any California Industrial Welfare Commission Wage Order; or under Section 202, 203, 226, 226.7 or 218 of the California Labor Code; (GG) under the California Labor Code §§1102.5 et seq. (disclosure of information to agencies); (HH) under the California Unemployment Insurance Code, (II) under the Unruh Act, Cal. Civ. Code §51 et seq.; (JJ) under any applicable California Industrial Welfare Commission Order; (KK) under the California Equal Pay Act, Cal. Labor Code §1197.5 or the California Business & Professions Code Section 17200 et seq.; (LL) under any applicable California Industrial Welfare Commission Order; (MM) under the California Equal Pay Act, Cal. Labor Code §1197.5 or the California Business & Professions Code Section 17200 et seq.; (NN) under the Federal Equal Pay Act, 29 U.S.C. §206(d)(1); (OO) under all provisions of the California Labor Code, including all provisions of the California Government Code; the Orders of the California Industrial Welfare Commission regulating wages, hours and working conditions; (PP) under any federal, state or local law, constitution, regulation, statute, order, ordinance, decision or common law claim concerning employment, wages, discrimination in employment, retaliation, or termination of employment, and (QQ) for costs and attorneys' fees, including, without limitation, any claim for attorneys' fees and/or costs which may arise or accrue by reason of the settlement of the Morey Lawsuit or the Henry Lawsuit referred to above.

4. Each Plaintiff is hereby deemed to have agreed to the Settlement Agreement and will have rights under the Settlement Agreement. Cashing or otherwise negotiating any check issued to a Plaintiff per the terms of the Settlement Agreement constitutes and shall be deemed additional evidence of acceptance of the settlement and agreement to the terms of the settlement and this Order. Plaintiffs retain their right to sue for a breach of the Settlement Agreement.

Mitchell Silberberg & Knupp LLP
1079247.1

5. Plaintiffs have been paid in full for all hours worked for any of the StarMed Parties to date, and are owed no further monies for any such services or work. None of the payments made to the Plaintiffs per the terms of the Settlement Agreement shall constitute or be treated as wages or compensation for purposes of any pension, profit sharing, 401K or other employer-sponsored employee benefit plan of any of the StarMed Parties.

6. For purposes of this Order, the term "StarMed Parties" means (i) RehabCare Group, Inc., InteliStaf Healthcare, Inc., InteliStaf Holdings, Inc., StarMed Health Personnel, Inc., Healthcare Staffing Solutions, Inc., Wesley Medical Resources, Inc., StarMed Staffing Group, eai Healthcare Staffing Solutions, Inc. and their respective present and former parent companies, direct and indirect subsidiaries and affiliates, employee benefit plans and trusts, (ii) the respective present and former officers, directors, employees, attorneys, agents, administrators, fiduciaries, partners, and shareholders of each of the entities identified above in subpart (i) of this paragraph, and (iii) the heirs, insurers, reinsurers, personal representatives, successors and assigns of each person or entity described above in subpart (i) or (ii) of this paragraph.

7. The Settlement Agreement submitted to the Court under seal shall be treated as confidential and subject to the Court's protective order in this case.

8. This Order is part of a settlement and compromise agreement between the parties. This Order is entered and applies for purposes of this lawsuit only per the parties' stipulation, and may not be used in any other proceeding or for any other purpose by anyone other than Plaintiffs or any Defendant.

9. This Order is binding on all parties to the case, including all opt in plaintiffs. This Order will become final upon entry. The Court will retain jurisdiction over the lawsuit to enforce the Settlement Agreement.

10. The claims of all Plaintiffs, whether named or opt-in, in the cases of Bonnie Morey, et al. v. StarMed Health Personnel, Inc., et al, Case No. 2:04-cv-

Mitchell
Silberberg &
Knupp LLP
1079247.1

04523-R-JWJ and <u>Darrelyn Henry, et. al. v. Intelistaf Healthcare, Inc., et. al.,</u> Case No. 8:05-cv-00270-R-JWJ are hereby dismissed with prejudice, with each party to bear his, her or its own costs and fees.

Dated: ~~Sept. 27~~ 2006

_____

Hon. Manuel L. Real
United States District Court Judge

Mitchell
Silberberg &
Knupp LLP

1079247.1

1

**PROOF OF SERVICE**

2 STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3   I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Mitchell Silberg & Knupp LLP,
4 11377 West Olympic Boulevard, Los Angeles, California 90064-1683.

5 On **September 26, 2006**, I served a copy of the foregoing document(s) described as **[PROPOSED] ORDER** on the interested parties in this action at their last known address as set
6 forth below by taking the action described below:

7  Gregory Peterson, Esq.      Kirby D. Farris, Esq.
 Ted D. Conley, Esq.       Kenneth E. Riley
8  Henry Hwang, Esq.       FARRIS, RILEY & PITT, LLP
 CASTLE, PETERSEN AND KRAUSE, LLP  The Massey Building, Suite 200
9  4675 MacArthur Court, Suite 1250   2025 3rd Avenue North
 Newport Beach, CA 92660     Birmingham, AL 35203
10  Fax: (949) 417-5610      Fax: (205) 324-1255

11

12 ☒ **BY MAIL:** I placed the above-mentioned document(s) in sealed envelope(s) addressed as set forth above, and deposited each envelope in the mail at Los Angeles, California. Each
13 envelope was mailed with postage thereon fully prepaid.

14 ☐ **BY OVERNIGHT MAIL:** I placed the above-mentioned document(s) in sealed envelope(s) designated by the carrier, with delivery fees provided for, and addressed as set forth above, and
15 deposited the above-described document(s) with FEDEX in the ordinary course of business, by depositing the document(s) in a facility regularly maintained by the carrier or delivering the
16 document(s) to an authorized driver for the carrier.

17 ☐ **BY PERSONAL DELIVERY:** I placed the above-mentioned document(s) in sealed envelope(s), and caused personal delivery by FIRST LEGAL SUPPORT SERVICES of the
18 document(s) listed above to the person(s) at the address(es) set forth above.

19 ☐ **BY ELECTRONIC MAIL:** I served the above-mentioned document electronically at __:__
 __.m. on the parties listed at the email addresses above and, to the best of my knowledge, the
20 transmission was complete and without error in that I did not receive an electronic notification to the contrary.

21 ☐ **BY FAX:** Along with placing the above-described document(s) in sealed envelope(s)
22 addressed as set forth above, I sent a copy of the above-described document(s) to each of the individuals set forth above at the facsimile numbers listed above. The transmission was
23 reported as complete and without error.

24   I declare under penalty of perjury under the laws of the United States that the above is true and correct.

25
26   Executed on **September 26, 2006**, at Los Angeles, California.

27            Phyllis Bryant

Mitchell
Silberg &
Knupp LLP

0962470.20

28